**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CAPITAL TRUST, INC.,

    Plaintiff,

v.

WALTER R. LEMBI, et al.,

    Defendants.

No. C 09-02492 JSW

**ORDER GRANTING APPLICATION FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT**

## INTRODUCTION

Now before the Court for consideration is the Application for a Right to Attach Order and Writ of Attachment filed by Plaintiff Capital Trust, Inc. ("Capital Trust"). Having considered the parties' papers, including the opposition filed by Plaintiffs-in-Intervention ("Intervenors") and the supplemental brief filed by Capital Trust, and having had the benefit of oral argument, the Court concludes that further argument is not necessary. *See* N.D. Civ. L.R. 7-1(b). The hearing set for September 18, 2009 is VACATED, the initial case management conference shall be heard at 1:30 p.m. on September 18, 2009 on the Court's regular case management conference calendar, and the Court HEREBY GRANTS the Application and shall issue a writ of attachment.

## BACKGROUND

Capital Trust filed its Complaint, in which it alleges that Defendants breached Guarantees of Payments executed in connection with certain junior loans (hereinafter the "Mezzanine Loans"), as to which Capital Trust is the lender. (Am. Compl. ¶¶ 4, 6-9.) The

1  borrowers are various family entities that own apartment buildings in San Francisco. (*Id.* ¶ 4.)
2  Defendants, who are sued individually and as trustees of various trusts, executed Guarantees of
3  Payments, in which they personally guaranteed payment and performance with respect to the
4  borrowers obligations under the Mezzanine Loans. (*Id.* ¶ 7.) Capital Trust alleges that the
5  borrowers are in default of their obligations under the Mezzanine Loans and that it has made a
6  demand on Defendants for payment pursuant to the Guarantees.

7  Intervenors are a group of entities who are lenders on loans to another group of entities
8  (the "Senior Borrowers"), which are senior to the Mezzanine Loans ("the Senior Loans").
9  Intervenors obtained personal guarantees from the Defendants in connection with the Senior
10 Borrower's obligations on the Senior Loans. (*See* Complaint in Intervention ¶¶ 16, 20.)
11 Intervenors have filed nine state court actions against the Senior Borrowers, seeking judicial
12 foreclosure and other remedies based on the Senior Borrowers' alleged defaults under the
13 Senior Loans. (*Id.* ¶ 17.) Capital Trust and the Intervenors are the successors-in-interest to an
14 Intercreditor Agreement, which governs, *inter alia*, their rights and obligations with respect to
15 the priority of the Senior Loans and the Mezzanine Loans.

16 On June 29, 2009, Capital Trust filed its application for a right to attach order and a writ
17 of attachment, which Defendants opposed on the basis that the Intercreditor Agreement
18 precluded Capital Trust from establishing the probable validity of its claim against them. On
19 August 17, 2009, the Court issued a Notice of Tentative Ruling, in which it stated that it was
20 tentatively inclined to grant Capital Trust's application. On August 19, 2009, two days before
21 the initial hearing on Capital Trust's motion, the Intervenors filed a motion to shorten time to
22 hear their request for intervention. The Court issued an Order requiring a response from Capital
23 Trust, and ordered the Intervenors to appear at the hearing on August 21, 2009. At that hearing,
24 the parties agreed that the Intervenors could intervene for the limited purpose of presenting their
25 opposition to the application for a writ of attachment. The Court issued a further briefing
26 schedule and set the matter down for a further hearing.
27 //
28 //

**ANALYSIS**

**A.     Applicable Legal Standards.**

Capital Trust seeks a writ of attachment pursuant to California Code of Civil Procedure 484.010, *et seq.* Section 484.090 provides that a court shall issue a right to attach order ... if it finds all of the following:

> (1) The claim upon which the attachment is based is one upon which an attachment may be issued.
>
> (2) The plaintiff has established the probable validity of the claim upon which the attachment is based.
>
> (3) The attachment is not sought for a purpose other than the recovery on the claim upon which the attachment is based.
>
> (4) The amount to be secured by the attachment is greater than zero.

Cal. Code Civ. P. § 484.090(a).

**B.     Capital Trust Has Met Its Burden to Show It is Entitled to a Writ of Attachment.**

There is no dispute that Capital Trust has established that its claim against the Defendants is "one upon which an attachment may be issued, ... [t]he attachment is not sought for a purpose other than the recovery on the claim ..., [and] [t]he amount to be secured by the attachment is greater than zero." Cal. Code Civ. P. 484.090(a)(1), (2), (4). Defendants and the Intervenors oppose Capital Trust's application for a writ of attachment solely on the basis that Capital Trust has not established the validity of its claim against the Defendants. This argument is premised upon the terms of the Intercreditor Agreement and whether those terms preclude Capital Trust from obtaining a writ of attachment. Capital Trust contends that because the Defendants have no standing to enforce the Intercreditor Agreement, the Intervenors' arguments regarding the meaning of the Intercreditor Agreement have no bearing on the validity of Capital Trust's claim against the Defendants.

Section 8.3 of the Loan Agreements between Capital Trust and the Defendants expressly provide that the Defendants are not intended to be third-party beneficiaries of the Intercreditor Agreement. (Am. Compl., Ex. A.) Thus, that document cannot provide them with a defense to Capital Trust's claim against them. With the exception of their arguments

1  about the Intercreditor Agreement, Defendants have proffered no other defense to Capital
2  Trust's claims.  As such, the Court concludes that Capital Trust has established the probable
3  validity of its claim against the Defendants.  Thus, it is entitled to obtain a right to attach order.
4      The Court has considered the arguments presented by Capital Trust and the Intervenors
5  with respect to the meaning of the Intercreditor Agreement.  Intervenors may well have a claim
6  against Capital Trust for breach of the Intercreditor Agreement and also may have a valid
7  claim that, should Capital Trust choose to execute of the Writ of Attachment, that any proceeds
8  obtained should be held in trust for the Senior Lenders.  The Court, however, concludes those
9  issues are not yet ripe for resolution, and concurs with Capital Trust that the Intervenors'
10 arguments regarding the meaning of the Intercreditor Agreement does not impact the probable
11 validity of Capital Trust's *claim* against the Defendants for breach of the Guaranty Agreements
12 on the Mezzanine Loans.  Accordingly, the Court shall grant Capital Trust's application.
13     The Court notes that it is likely that there is a limited pool of assets at stake, in light of
14 the fact that the Defendants have issued Guaranty Agreements on both the Senior Loans and
15 the Mezzanine Loans.  As such, it strongly urges the parties to continue to meet and confer in
16 an effort to come to a mutually agreeable resolution of these matters.
17 **IT IS SO ORDERED.**

19 Dated: September 16, 2009

                              JEFFREY S. WHITE
                              UNITED STATES DISTRICT JUDGE

*United States District Court*
*For the Northern District of California*