1  CROWELL & MORING LLP
   Ethan P. Schulman (eschulman@crowell.com)
2  Nathaniel P. Bualat (nbualat@crowell.com)
   275 Battery Street, 23rd Floor
3  San Francisco, CA  94111
   Telephone: 415.986.2800
4  Facsimile: 415.986.2827

5  Attorneys for Plaintiff
   CAPITAL TRUST, INC.

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  CAPITAL TRUST, INC., | Case No. C 09-02492 JSW |
| 12          Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT; REQUEST TO VACATE TRIAL DATE** AND ORDER THEREON |
| 13       v. | |
| 14  WALTER R. LEMBI, individually and as trustee of the WALTER AND LINDA | Date:      May 14, 2010 |
| 15  LEMBI FAMILY TRUST DATED JUEN 30, 2004; FRANK E. LEMBI, individually | Time:      1:30 p.m. Dept.:      Courtroom 11, 19th Floor |
| 16  and as trustee of the OLGA LEMBI RESIDUAL TRUST CREATED UNDER | Judge:     The Hon. Jeffrey S. White |
| 17  THE PROVISIONS OF PART THREE OF THE LEMBI FAMILY REVOCABLE | |
| 18  TRUST DATED FEBRUARY 17, 1984, and as the trustee of the FRANK E. | |
| 19  LEMBI SURVIVOR'S TRUST DATED FEBRUARY 17, 1984; BILLIE | |
| 20  SALEVOURIS, individually, BILLIE Z. SALEVOURIS, as trustee for THE BILLIE | |
| 21  SALEVOURIS TRUST DATED AUGUST 23, 1983 AS RESTATED ON | |
| 22  MAY 24, 2002; DAVID M. RAYNAL, individually and as trustee for the DAVID | |
| 23  M. RAYNAL REVOCABLE TRUST DATED MAY 9, 2002; RALPH DAYAN, | |
| 24  individually and as co-trustee for the AMENDED AND RESTATED DAYAN | |
| 25  FAMILY REVOCABLE TRUST DATED DECEMBER 31, 1991, | |
| 26          Defendants. | |
| 27 | |

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

JOINT CASE MANAGEMENT STATEMENT;
REQUEST TO VACATE TRIAL DATE;
CASE NO. C 09-02492 JSW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# I.   JOINT CASE MANAGEMENT STATEMENT

Pursuant to Local Rule 16-10(d) and the Court's Civil Standing Order No. 5, Plaintiff

Capital Trust, Inc. ("Capital Trust"), Defendants Walter R. Lembi, individually and as trustee of

the Walter and Linda Lembi Family Trust dated June 30, 2004, Frank E. Lembi, individually and

as trustee of the Olga Lembi Residual Trust created under the provisions of Part Three of the

Lembi Family Revocable Trust dated February 17, 1984, and as the trustee of the Frank E. Lembi

Survivor's Trust dated February 17, 1984, Billie Salevouris, individually, Billie Z. Salevouris, as

trustee for the The Billie Salevouris Trust dated August 23, 1983 as restated on May 24, 2002,

David M. Raynal, individually and as trustee for the David M. Raynal Revocable Trust dated

May 9, 2002, Ralph Dayan, individually and as co-trustee for the Amended and Restated Dayan

Family Revocable Trust dated December 31, 1991 (collectively, "Defendants"), and Plaintiffs-in-

Intervention LBUBS 2004-C8 VAN NESS LIMITED PARTNERSHIP, LBUBS 2004-C8 BAY

CLAY LIMITED PARTNERSHIP, LBUBS 2004-C8 JONES STREET LIMITED

PARTNERSHIP, LBUBS 2004-C8 LOMBARD STREET LIMITED PARTNERSHIP, LBUBS

2004-C8 GOUGH STREET LIMITED PARTNERSHIP, LBUBS 2004-C8 BARTLETT

STREET LIMITED PARTNERSHIP, LBUBS 2004-C8 MASON STREET LIMITED

PARTNERSHIP, LBUBS 2004-C8 HYDE STREET LIMITED PARTNERSHIP, and LBUBS

2004-C8 JOICE STREET LIMITED PARTNERSHIP ("Plaintiffs-in Intervention")[1] (collectively

with Capital Trust and Defendants, the "Parties") submit this Joint Case Management Statement.

## A.   Brief Summary of Case

In its Amended Complaint, Capital Trust seeks damages for Defendants' breach of various

guaranty contracts.  Capital Trust alleges that Defendants, through various Guaranties of

---

[1] At a August 21, 2009 hearing, Capital Trust stipulated to Plaintiffs-in-Intervention's
limited intervention into this case for the sole purpose of opposing Capital Trust's Motion for
Right to Attach Order and Order for Issuance of Writ of Attachment against Defendants
("Attachment Motion").  Pursuant to the Court's oral ruling at that hearing, all of Capital Trust's
arguments and objections with respect to Plaintiffs-in-Interventions' intervention beyond
opposing the Attachment Motion were expressly reserved.  For the sake of efficiency, however,
Plaintiffs-in-Intervention have been included in this joint submission.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-1-

JOINT CASE MANAGEMENT STATEMENT;
REQUEST TO VACATE TRIAL DATE; [PROPOSED]
ORDER; CASE NO. C 09-02492 JSW

1   Payments ("Mezzanine Guaranties"), are the guarantors of various Mezzanine Loan Agreements

2   ("Mezzanine Loan Agreements"), which have been assigned to Capital Trust.  Capital Trust

3   further alleges that the borrowers on the Mezzanine Loan Agreements ("Mezzanine Borrowers")

4   defaulted on their payment obligations to Capital Trust, and have not made any required payment

5   since March 11, 2009.  On or about June 2, 2009, Capital Trust served a Notice of Event of

6   Default and Acceleration and made a demand on Defendants for payment pursuant to the

7   Mezzanine Guaranties.  Defendants deny, among other things, that Mezzanine Borrowers

8   defaulted under the Mezzanine Loan Agreements and that they are obligated to make any

9   payments to Capital Trust pursuant to the Mezzanine Guaranties.

10          In their Complaint in Intervention, Plaintiffs-in-Intervention seek a declaratory judgment

11   and injunctive relief.  Plaintiffs-in-Intervention allege that they are parties to a series of loans

12   ("Senior Loans") between them and several entities ("Senior Borrowers") that are related to both

13   the Mezzanine Borrowers and Defendants.  In connection with the Senior Loans, Defendants

14   executed various guaranties with respect to the Senior Borrowers' obligations pursuant to the

15   Senior Loans ("Senior Guaranties").  Plaintiffs-in-Intervention further allege that they and Capital

16   Trust are parties to a written contract whereby Capital Trust's rights with respect to the

17   Mezzanine Loans and Guaranties are subordinated to Plaintiffs-in-Intervention's rights with

18   respect to the Senior Loans and Guaranties ("Intercreditor Agreement").  According to Plaintiffs-

19   in-Intervention, Capital Trust has taken positions in this case that are contrary to the terms of the

20   Intercreditor Agreement and as a consequence a live controversy exists regarding the terms of

21   that agreement.  Capital Trust denies, among other things, that it has taken positions that are

22   contrary to the terms of the Intercreditor Agreement and that there is a live controversy regarding

23   the terms of that agreement.

24          **B.      Status**

25          On September 16, 2009, this Court issued an Order granting Capital Trust's Application

26   for Right to Attach Order and Writ of Attachment.  At the end of that Order, the Court strongly

27   urged the parties to continue to meet and confer in order to reach a mutually agreeable resolution

28   of this dispute.  In urging the Parties to settle this matter, the Court noted that there likely is a

-2-

1   limited pool of assets available for such a settlement.

2   Since the Court's issuance of its September 16, 2009 Order, although Capital Trust has

3   identified certain non-exempt assets that are subject to attachment under that Order, it has not

4   attached such assets because it is attempting to reach a business resolution of this matter.  As

5   reported in the parties' March 25, 2010 Joint Case Management Statement, the parties have

6   engaged in workout negotiations that have not yet resulted in a settlement of this action.

7   Currently, Capital Trust is considering a potential sale of its interest in the Mezzanine Loans to a

8   third party, and is engaged in negotiations with potential third party purchasers.  Capital Trust

9   believes that in the event it is successful in selling its interest in the Mezzanine Loans, a sale is

10  likely to close within a period of 60 to 90 days.  Such a sale may render a trial and any further

11  proceedings in this action unnecessary, and may lead to the dismissal of the action.

12  **C.     Appropriateness of ADR (*See* Local Rule 16-10(d))**

13  The Parties' current view is that no form of ADR is appropriate at this time.

14  ## II.     REQUEST TO VACATE TRIAL DATE

15  Because Capital Trust's potential sale of the Mezzanine Loans may resolve this action and

16  avoid the need for the Court and the Parties unnecessarily to expend limited resources preparing

17  for trial, the Parties respectfully request that the Court: (1) vacate the May 14, 2010 case

18  management conference, the June 7, 2010 pretrial conference, the June 28, 2010 trial date and all

19  deadlines related to the current trial date; and (2) set a further case management conference at

20  least 90 days from the date of this request to address the status of any settlement or business

21  discussions and the need, if any, to set a new trial date.

22

23  This Joint Case Management Statement and Request to Vacate Trial Date is filed

24  electronically by Capital Trust's counsel who hereby attests, in accordance with General Order 45

25  Section X(B), that Defendants and Plaintiffs-in-Intervention concur in its filing.

26

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-3-

1    Dated: May 7, 2010                          CROWELL & MORING LLP

2

3                                               /s/ Ethan P. Schulman
                                                Ethan P. Schulman
4                                               Attorneys for Capital Trust, Inc.

5

     Dated: May 7, 2010                          FRIEDMAN DUMAS & SPRINGWATER LLP
6

7

8                                               /s/ Ellen A. Friedman
                                                Ellen A. Friedman
                                                Attorneys for David Raynal, Billie Z. Salevouris, and
9                                               Ralph Dayan

10

     Dated: May 7, 2010                          LEMBI GROUP LEGAL DEPARTMENT
11

12

13                                              /s/ Edward C. Singer, Jr.
                                                Edward C. Singer, Jr.
                                                Attorneys for Defendants Walter R. Lembi and
14                                              Frank E. Lembi

15

     Dated: May 7, 2010                          DUANE MORRIS LLP
16

17

18                                              /s/ Phillip K. Wang
                                                Phillip K. Wang
                                                Attorneys for Plaintiffs-in-Intervention
19

20

21
     119046\0002001\902069439.1
22

     The parties' request to vacate the May 14, 2010 case management conference and the pretrial
23   and trial dates is GRANTED.  This matter shall be set down for a further conference on
     Friday, August 13, 2010.  If this matter has not been dismissed by that date, the parties shall
24   submit a Joint Status Conference Statement with proposed dates for a pretrial conference and
     trial.
25

26   **IT IS SO ORDERED this 7th day of May, 2010.**

27

28

CROWELL
& MORING LLP                                    JOINT CASE MANAGEMENT STATEMENT;
ATTORNEYS AT LAW                                   REQUEST TO VACATE TRIAL DATE;
                            -4-                          CASE NO. C 09-02492 JSW